IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) Criminal No. 16-55<br>) |
| v. | ) |
| | ) (18 U.S.C. 371) |
| SIMON T. TUSHA | ) |

**FILED**

MAR 18 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INFORMATION

The United States Attorney charges:

### GENERAL ALLEGATIONS

At times material to this Information:

1. The Internal Revenue Service (hereinafter IRS) was an agency within the United States Department of Treasury.

2. PNC Bank was a financial institution headquartered at 249 Fifth Avenue, Pittsburgh, Pennsylvania.

3. Bentley's Yamaha & Suzuki was a recreation vehicle dealer located at 4451 William Penn Highway, Murrysville, Pennsylvania.

4. The defendant, SIMON TUSHA, was employed by a large, national and international company that provides computerized electronic communication services (hereinafter Employer) as a Strategic Negotiator in their Global Infrastructure Group from on or about April 14, 2008 to on or about October 15, 2009. In his capacity as a Strategic Negotiator, the defendant was responsible for negotiating his Employer's contracts with datacenter facilities around the world. Among those with whom TUSHA conducted

1

negotiations were TCN SIG Telehousing Exploitatie BV (also known as TCN Assets BV), TCN Property Projects BV, and TCN UROP (hereinafter TCN), a datacenter/real estate company based in Utrecht, Netherlands. TUSHA also conducted negotiations with Evolved IT Services, LTD (hereinafter Evolved IT), a datacenter services contractor that was based in the United Kingdom.

## COUNT ONE - CONSPIRACY

5. The general allegations set forth above in paragraphs numbered One through Four of this information are re-alleged and expressly incorporated herein, as if set forth in full.

6. Beginning in or around July 16, 2008, and continuing thereafter until in or around August 13, 2014, in the Western District of Pennsylvania and elsewhere, the defendant, SIMON TUSHA, and others known and unknown to the Grand Jury, did unlawfully and knowingly combine, conspire, confederate, and agreed together to defraud the United States by deceitful and dishonest means by impeding, impairing, obstructing, and defeating the lawful government functions of the IRS, an agency of the United States, in the ascertainment, computation, assessment and collection of revenue, that is, federal individual income taxes. Specifically, TUSHA and others conspired to impair and defeat the IRS's ability to assess and collect taxes due on income that came to TUSHA from a series of kickback payments that the defendant received from TCN and Evolved IT pursuant to

contract negotiations that the companies were engaged in with TUSHA (on behalf of his Employer).

## OBJECT OF THE CONSPIRACY

7. It was the purpose and object of the conspiracy for the defendant, SIMON TUSHA, and others, to unjustly enrich themselves by evading federal income taxes on kickback payments from TCN and Evolved IT through the representation that M.V. Business Group, LTD (hereinafter M.V. Business) and Allrom Consulting, LTD (hereinafter Allrom) were engaged with TCN and Evolved IT in a legitimate broker and/or consultant relationship, when in truth and fact, as the defendant well knew, M.V. Business and Allrom were simply shell companies that were established at the behest of the defendant to disguise from the IRS, as well as from his Employer, the nature, source, and ownership of the kickback payments coming to TUSHA.

## MANNER AND MEANS

The manner and means by which the defendant, SIMON TUSHA, sought to accomplish the object of the conspiracy included, among other things, the following:

8. It was a part of the conspiracy that the defendant, SIMON TUSHA, entered into arrangements with the operators of TCN and Evolved IT where he would be paid kickback payments from the companies in exchange for positively affecting TCN and Evolved IT's business negotiations with his Employer.

9. It was a part of the conspiracy that the defendant, SIMON

3

TUSHA, recruited individuals, namely individuals identified herein as PERSON 1 AND PERSON 2, to portray themselves as "brokers and/or consultants" for TCN and Evolved IT in order to conceal the illicit nature of defendant SIMON TUSHA's agreement with TCN and Evolved IT from the IRS and his Employer.

10. It was a part of the conspiracy that the defendant, SIMON TUSHA, instructed PERSON 1 and PERSON 2 to establish foreign and domestic shell companies and bank accounts, namely M.V. Business, Allrom, and Valhalla V & Associates (hereinafter Valhalla V), in order to effect the transfer of the kickback payments from TCN and Evolved IT to himself, thereby concealing the nature, source, and ownership of the payments from the IRS and his Employer.

11. It was a part of the conspiracy that the defendant, SIMON TUSHA, caused the kickback payments from TCN and Evolved to be deposited into the M.V. Business and Allrom bank accounts.

12. It was a part of the conspiracy that the defendant, SIMON TUSHA, directed PERSON 1 and PERSON 2 to disburse the majority of the kickback scheme proceeds from the M.V. Business and Allrom bank accounts to himself; for the purchase of assets on his behalf; or to the Valhalla V bank account on which the defendant was an authorized signer.

13. It was a part of the conspiracy that the defendant, SIMON TUSHA, utilized kickback proceeds that were transferred into the Valhalla V bank account to purchase personal assets.

14. It was a part of the conspiracy that the "broker/consultant" fee payments made from TCN and Evolved IT to M.V. Business and Allrom totaled approximately $3,201,177.80.

15. It was a part of the conspiracy that the defendant, SIMON TUSHA, agreed with PERSON 1 and PERSON 2 to not report any of the kickback proceeds received from TCN and Evolved IT to the IRS.

16. It was a part of the conspiracy that the defendant, SIMON TUSHA, PERSON 1, and PERSON 2 failed to report any of the kickback proceeds received from TCN and Evolved IT to the IRS on their U.S. Individual Income Tax Returns for the tax years 2008 through 2010.

## OVERT ACTS

In furtherance of the conspiracy, and to effect the objects thereof, one or more of the conspirators committed and caused to be committed at least one of the following acts, among others, in the Western District of Pennsylvania, and elsewhere:

17. On or about October 03, 2008, PERSON 1 officially created M.V. Business as a business entity in the Commonwealth of Dominica.

18. On or about October 20, 2008, an M.V. Business Invoice was sent to TCN by PERSON 1 requesting that a payment in the amount of €300,000 (euros) be sent to M.V. Business "FOR CONSULTANCY/ BROKER SERVICES".

19. On or about October 22, 2008, PERSON 1 opened a personal

checking account at Bank of America, Account No. XXXX-XXXX-8253 (hereinafter 8352), in his own name.

20. On or about October 23, 2008, a wire transfer was made from TCN to Bank of America, Account No. 8253, in the name of PERSON 1 d/b/a M.V. Business, in the amount of $378,360.

21. On or about October 30, 2008, a wire transfer was made from TCN to Bank of America, Account No. 8253, in the name of PERSON 1 d/b/a M.V. Business, in the amount of $381,750.

22. On or about November 01, 2008, an M.V. Business Invoice was sent to TCN by PERSON 1 requesting that a payment in the amount of €300,000 (euros) be sent to M.V. Business "FOR CONSULTANCY / BROKER SERVICES".

23. On or about November 06, 2008, PERSON 1 opened a business checking account at Bank of America, Account No. XXXX-XXXX-3964 (hereinafter 3964), in the name of M.V. Business.

24. On or about November 07, 2008, PERSON 1 purchased Bank of America Cashier's Check #3283261, payable to the defendant, SIMON TUSHA, in the amount of $200,000 with funds from Bank of America, Account No. 8253 in the name of PERSON 1 d/b/a M.V. Business.

25. On or about December 01, 2008, a wire transfer was made by PERSON 1 from Bank of America, Account No. 8253, in the name of PERSON 1 d/b/a M.V. Business to PNC Bank, Account No. XXXXXX6479 (hereinafter 6479), to the defendant, SIMON TUSHA, in the amount of $300,000.

26. On or about December 16, 2008, a wire transfer was made from TCN to Bank of America, Account No. 3964, in the name of M.V. Business, in the amount of $67,370.

27. On or about January 03, 2009, a wire transfer was made from TCN to Bank of America, Account No. 3964, in the name of M.V. Business, in the amount of $62,725.

28. On or about February 03, 2009, PERSON 1 purchased Bank of America Cashier's Check #3296612, payable to the defendant, SIMON TUSHA, in the amount of $47,000 with funds from Bank of America, Account No. 3964, in the name of M.V. Business.

29. On or about February 13, 2009, PERSON 1 opened a business checking account at the Bank of Bermuda, Account No. XXX-XXXXX3-511 (hereinafter 3-511), in the name of M.V. Business.

30. On or about February 16, 2009, an M.V. Business Invoice was sent to TCN by PERSON 1 requesting a payment in the amount of €336,658 (euros) be sent to M.V. Business "FOR CONSULTANCY/ BROKER SERVICES PER AGREEMENT".

31. On or about April 08, 2009, a wire transfer was made from TCN to Bank of Bermuda, Account No. 3-511, in the name of M.V. Business, in the amount of $384,622.

32. On or about April 09, 2009, PERSON 2 was appointed as the "Director" of Allrom, a business entity that had previously been formed by Harney's Corporate Services, LTD in the Territory of the British Virgin Islands.

33. On or about April 14, 2009, a wire transfer was made by PERSON 1 from Bank of Bermuda, Account No. 3-511, in the name of M.V. Business to PNC Bank, Account No. 6479, in the name of the defendant, SIMON TUSHA, in the amount of $315,000. The wire was processed at the PNC Bank wire processing center located in Pittsburgh, Pennsylvania.

34. On or about May 07, 2009, PERSON 2 opened a business checking account at PNC Bank, Account No. XXXXXX0218 (hereinafter 0218), in the name of Allrom.

35. On or about May 19, 2009, a wire transfer was made from Evolved IT to PNC Bank, Account No. 0218, in the name of Allrom, in the amount of $267,540. The wire was processed at the PNC Bank wire processing center located in Pittsburgh, Pennsylvania.

36. On or about June 01, 2009, a wire transfer was made from Evolved IT to PNC Bank, Account No. 0218, in the name of Allrom, in the amount of $139,361.80.

37. On or about June 29, 2009, Check Number 1003, drawn on the Allrom PNC Bank Account, No. 0218, made payable to Keller Williams Team Towson, in the amount of $250,000, was used as a down payment for the purchase of real property located at 1122 Walters Mill Rd, Forest Hill, Maryland, the defendant, SIMON TUSHA's, residence, in the name of Allrom.

38. On or about June 29, 2009, a wire transfer was made from TCN to PNC Bank, Account No. 0218, in the name of Allrom, in the

amount of $278,080. The wire was processed at the PNC Bank wire processing center located in Pittsburgh, Pennsylvania.

39. On or about July 07, 2009, a wire transfer was made from Evolved IT to PNC Bank, Account No. 0218, in the name of Allrom, in the amount of $499,980.

40. On or about July 17, 2009, a wire transfer was made by PERSON 2 from Allrom PNC Bank Account, Account No. 0218, to Huntington Title and Escrow, in the amount of $724,000, to complete the purchase of real property located at 1122 Walters Mill Road, Forest Hill, Maryland (the residence of defendant SIMON TUSHA) in the name of Allrom.

41. On or about August 26, 2009, a wire transfer was made from Evolved IT to PNC Bank, Account No. 0218, in the name of Allrom, in the amount of $13,659. The wire was processed at the PNC Bank wire processing center located in Pittsburgh, Pennsylvania.

42. On or about September 10, 2009, a wire transfer was made from TCN to PNC Bank, Account No. 0218, in the name of Allrom, in the amount of $145,740. The wire was processed at the PNC Bank wire processing center located in Pittsburgh, Pennsylvania.

43. On or about October 05, 2009, PERSON 2 opened a business checking account at M&T Bank, Account No. XXXXXX7100 (hereinafter 7100), in the name of Allrom.

44. On or about October 15, 2009, the defendant, SIMON TUSHA, filed a 2008 U.S. Individual Income Tax Return, Form 1040, with the

IRS that failed to report any of the approximate $837,480 in income that was paid to M.V. Business from TCN during the 2008 tax year.

45. On or about October 28, 2009, a wire transfer was made from Evolved to M&T Bank, Account No. 7100, in the name of Allrom, in the amount of $438,840.

46. On or about November 19, 2009, PERSON 2 opened a business checking account at M&T Bank, Account No. XXXXXX0455 (hereinafter 0455), in the name of Valhalla V, with PERSON 2 and the defendant, SIMON TUSHA, having signatory authority on the account.

47. On or about November 19, 2009, Check Number 1009, was drawn on Allrom M&T Bank Account, No. 7100, payable to Valhalla V, in the amount of $323,655.03, noted in the memo line as "New acct.", signed by PERSON 2, and endorsed on the rear of the check with "Deposit Only 0455".

48. On or about December 28, 2009, Check Number 1005, was drawn on Valhalla V, M&T Bank Account, No. 0455, payable to Bentley's, in the amount of $12,099.44, noted in the memo line as "2010 Polaris Crew", signed by the defendant, SIMON TUSHA, and endorsed on the rear of the check by a "FOR DEPOSIT ONLY, S&T BANK, BENTLEY'S YAM & SUZ, INC" stamp in the Western District of Pennsylvania.

49. On or about December 30, 2009, PERSON 2 signed an Irrevocable Trust Agreement for the purpose of creating "a means by which trust assets may be held for the benefit of Trustor's

friend," the defendant, SIMON TUSHA.

50. On or about March 04, 2010, an Allrom Invoice was sent to TCN requesting a payment in the amount of €120,000 (euros) be sent to Allrom M&T Bank Account, No. 7100, for "Consultancy fee Telehouse Eemshouse final bill".

51. On or about April 01, 2010, a wire transfer was made from TCN to M&T Bank, Account No. 7100, in the name of Allrom, in the amount of $133,150.

52. On or about April 03, 2010, the defendant, SIMON TUSHA, filed a 2009 U.S. Individual Income Tax Return with the IRS that failed to report any of the approximately $2,230,547.80 in income that was paid to M.V. Business and Allrom from TCN and Evolved IT during the 2009 tax year.

53. On or about January 01, 2011, a Certified Banking Resolutions of Corporation was signed by the defendant, SIMON TUSHA, to assume sole control of the Allrom M&T Bank Account, No. 7100, from PERSON 2.

54. On or about March 01, 2011, the defendant, SIMON TUSHA applied with Harney's Corporate Services Limited in the Territory of the British Virgin Islands to assume the role of Allrom's "Director" from PERSON 2.

55. On or about August 13, 2014, the defendant, SIMON TUSHA, filed a 2010 U.S. Individual Income Tax Return with the IRS that failed to report any of the approximately $133,150 in income that

was paid to Allrom from TCN during the 2010 tax year.

In violation of Title 18, United States Code, Section 371.

*[signature]*

DAVID J. HICKTON
United States Attorney
PA ID No. 34524